## S08Y1010. IN THE MATTER OF RUSSELL WILLIAM POPE.

(663 SE2d 695)

PER CURIAM.

This matter is before the Court on Respondent Russell William Pope's Petition for Voluntary Discipline in which he admits violating Rules 1.3, 1.4, 1.16 (d), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Pope requests the imposition of a six-month suspension for his violations arising out of two State Disciplinary Board docket cases and one Office of General Counsel docket case, and the State Bar recommends the Court accept the petition.

In SDB 5410 Pope admits that he filed a modification of child custody on behalf of a client in July 2005 and an ex parte motion for child custody, which resulted in custody of the child being granted to Pope's client, the father. In August 2005 the case was transferred to Cobb County and after the transfer Pope took no further action to prosecute the modification petition. A hearing was held in October 2006, about which Pope was sent notice but at which he failed to appear. Consequently, the trial court issued an order returning physical custody of the child to the mother. In May 2006 the mother filed a grievance against Pope for his conduct in the case. Pope acknowledged service of the Notice of Investigation but did not respond; this Court suspended him from practice and subsequently reinstated him in July 2007 when he submitted a response.

In SDB 5431 Pope admits that in May 2006 he entered into a written fee agreement to represent a client in a child custody and support matter and the client paid him $2,605. Pope filed a petition for change of custody on his client's behalf and in September 2006 the parties participated in mediation and reached an agreement. Although Pope was to prepare a final consent order memorializing the agreement, he failed to do so and his client was unable to contact him concerning the delay. Pope finally prepared the consent order in October 2007 and submitted it to opposing counsel who has not signed and returned it to Pope. In March 2007 the client filed a grievance against Pope who did not respond to the Notice of Investigation even though he acknowledged service of the notice. After the State Bar notified Pope that a formal complaint would be filed against him, he moved to withdraw from the client's case. Because of Pope's interim suspension the trial court deferred action on the motion.

In OGC 070246, Pope admits that two clients hired him regarding an automobile accident. In December 2005 the other driver's insurance company made an offer in response to Pope's demand letter. Pope did not communicate the offer to his clients, however, and did not respond to the insurance company. In November 2006

the statute of limitations expired on the clients' claims. In February 2007 one of the clients filed a grievance against Pope and, once again, Pope acknowledged service of the Notice of Investigation but failed to respond. On January 3, 2008 the Court suspended Pope for failing to respond and on January 15 he submitted a response. Pope admits that he violated Rules 1.3 and 9.3 in all the cases; violated Rule 1.4 in 5431 and 070246, and violated Rule 1.16 (d) in 070246.

In mitigation of discipline we find that Pope cooperated with the State Bar by submitting a voluntary petition; he is remorseful for violating the rules; he has no prior disciplinary record aside from these matters; during the time period of these matters Pope was suffering significant marital difficulties, which now have been resolved; and the clients in 070246 have hired new counsel and are suing him for malpractice. Although all of Pope's violations may be punished by a public reprimand except for the violation of Rule 1.3, which may be punished by disbarment, we have weighed the violations against the mitigating factors and agree that a six-month suspension is the appropriate sanction in this case. Accordingly, we accept the petition for voluntary discipline and order that Russell William Pope hereby is suspended from the practice of law in the State of Georgia for a period of six months from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur, except Sears, C. J., and Hunstein, P. J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

Given Pope's admitted abandonment of four clients, I believe the only appropriate punishment in this case is disbarment. I therefore respectfully dissent to the majority's acceptance of Pope's petition for voluntary discipline and the imposition of a mere six-month suspension for his disciplinary violations.

I am authorized to state that Chief Justice Sears joins this dissent.

DECIDED JULY 7, 2008.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.